# Ashby *et al. versus* City of Erie.

The water commissioners of the city of Erie, by virtue of the Act April 4th 1867, are a board wholly independent of the city authorities, and the city is not liable for an accident arising from the negligence of said commissioners.

October 18th 1877. Before AGNEW, C. J., MERCUR, GORDON, PAXSON, WOODWARD and STERRETT, JJ. SHARSWOOD, J., absent.

Error to the Court of Common Pleas of *Erie county:* Of October and November Term 1877, No. 263.

Case by John E. Ashby and Harry Vincent, against the city of Erie, for damages on account of the alleged negligence of the city.

This suit was brought to recover damages sustained by plaintiffs, for the flooding of the basement of their store in consequence of the bursting of a street water-main, whereby a large lot of paper and other materials were destroyed. The plaintiffs claimed that the accident arose from the negligence of the water commissioners of said city, who had improperly constructed said main, and used inferior material therein.

It appeared that the waterworks in said city were built and managed by commissioners appointed by the judges of the Court of Common Pleas, by virtue of an Act of Assembly, approved April .4th 1867, Pamph. L. 768, the second section of which makes the following provision:—

" It shall be the duty of said commissioners to take the full charge and control of the erection and completion of waterworks in said city, and to make all contracts for the erection and completion thereof, and to provide for the repair and maintenance of the same, to acquire, by purchase, or otherwise, such and so much real estate as may be necessary for the efficient use of said waterworks, whenever the same may be needed, to furnish a full supply of pure and wholesome water, to be taken from the bay, or harbor, or from Lake Erie, to collect the water-rents, and appoint all necessary officers and agents, and take from them, respectively, such security, for the faithful performance of duty, as said commissioners shall deem

[Ashby *v.* City of Erie.]

proper, and to fix, from time to time, the amount of salaries and wages to be paid such officers and agents. They shall also have power to make all such by-laws, rules and regulations for the economical and efficient management and protection of the works and their appurtenances as they may deem expedient and necessary, and from time to time make and establish such rates, terms and conditions upon which water from said works shall be furnished to applicants therefor, as said commissioners shall deem just and proper; but such rates, terms and conditions shall be subject to approval by the city councils before they go into operation; and all such by-laws, rules and regulations, when made by said commissioners, shall have the force and effect of ordinances in said city, and the penalties imposed thereby shall be collected in the same manner that penalties imposed by city ordinances are now by law collected; and said commissioners shall prepare full and careful plans and specifications of all the work and material necessary for the erection and completion of said works, and shall, by due public notice, invite proposals for performing and furnishing the same, and shall, in all cases, let the contracts therefor to the lowest responsible and capable bidder, and shall take adequate security for the due performance of the several contracts; and said works shall be put under contract, and prosecuted to completion with all convenient and reasonable despatch."

At the trial, the counsel for the city moved for a nonsuit on the ground that, the city of Erie cannot be held responsible for the neglect of a duty specially enjoined by law upon public officers, who neither derive their appointments or authority from the corporation, and are not subject to its control; who can neither be directed by the corporation in the discharge of their duty or dismissed for its neglect.

The court entered the nonsuit, and subsequently refused to take it off, which were the errors assigned by plaintiffs who took this writ.

*J. Ross Thompson*, for the plaintiffs in error.—The duties of the water commissioners relate to the exercise of the corporate powers of the city, and are for the peculiar benefit of the corporation in its local and special interest: in its local interest in supplying the city with water, and in its special interest, in receiving money as a revenue for the city. If, therefore, the water commissioners hold their office for the benefit of the city alone, and so act, they are the agents of the city, no matter how they may be appointed.

For whom are the water commissioners acting? Not for the Commonwealth; not as such public officers; not for the public; although the public may be somewhat interested in having water; the grant is a special private franchise, made for the private emolument and advantage of the city as well as for public good.

[Ashby *v.* City of Erie.]

The state, in its governing character, has no interest in it. It owns no part of the work. The whole investment under the law, and the revenue and profits to be received therefrom, are the private property of the city, as much as the lands and houses belonging to it situate within its corporate limits.

The city, therefore, owning the waterworks as a private corporation, would be liable for the damages arising from the defective construction of the works, or negligence in maintaining the same.

*Davenport & Griffith* and *Theo. A. Lamb*, for the city.—Where the corporation has no choice in the selection of an officer, but is bound to appoint a particular person, or accept the services of an independent officer, who derives his authority and duties from another source than itself, or whose duties are specifically imposed by statute, it is not liable for his acts: Alcorn *v.* Philadelphia, 8 Wright 348; Winpenny *v.* Philadelphia, 7 Phila. 111; Ham *v.* The Mayor, &c., of New York, Albany Law Journal, vol. 16, No. 13; Martin *v.* The Mayor, &c., of Brooklyn, 1 Hill 545; Lorillard *v.* The Town of Monroe, 1 Kernan 392; Dillon on Mun. Cor., sects. 772 to 776, inclusive; Steam Navigation Co. *v.* British Navigation Co., 3 Exch. 329; Story on Agency, sect. 456 a, page 588; Sproul *v.* Hemingway, 14 Pick. 1; Maxamilian *v.* The Mayor, 62 N. Y. 160; The Mayor *v.* Furze, 3 Hill 618.

The judgment of the Supreme Court was entered November 7th 1877,

PER CURIAM.—The water commissioners, under the act creating commissioners of waterworks in the city of Erie, are a board wholly independent of the city authorities. Whether it is wise to separate so widely a function so intimately connected with the welfare of the city, from the control of the councils, is a question for the legislature, not for us. We cannot see how the city, under the law in question, can be held liable for the negligence of the water commissioners, who are appointed by the court, and neither account to nor owe obedience to the city authorities.

Judgment affirmed.